UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**JAMES BLAIR, JR.**     **PLAINTIFF**

**v.**     **CIVIL ACTION NO. 5:16-CV-P35-TBR**

**LADONNA L. THOMPSON** *et al.*     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon two related motions filed by *pro se* Plaintiff James Blair, Jr. The first motion is titled "Objection to Accessive Filing Fee to Envoke, Advocate and Defend United States Constitutional Guarantees" (DN 19). The second motion is titled "Objection to Bias Dismissal of Action by this District Court and Motion to Reopen Case" (DN 20). For the following reasons, these motions will be denied.

### I. PROCEDURAL HISTORY

On March 14, 2016, Plaintiff initiated this action by filing a document titled "Motion for Issuance of Warrant of Seizure of Plaintiff's Personal Properties" (DN 1). On March 15, 2016, the Clerk of Court sent Plaintiff a Notice of Deficiency advising Plaintiff to submit his complaint, summonses, and motion for leave to proceed in *forma pauperis* on the appropriate Court-supplied forms within 30 days (DN 5). Because Plaintiff did not timely cure these deficiencies, on August 2, 2016, the Court entered an Order directing Plaintiff to file his complaint on a Court-supplied 42 U.S.C. § 1983 form, and to submit a completed summons for each named Defendant (DN 7). In this Order, the Court warned Plaintiff that his failure to comply could result in the dismissal of his action for failure to prosecute and for failure to comply with an Order of this Court. On August 31, 2016, Plaintiff filed a motion for an extension of time to comply with the Court's Order (DN 8), and the Court granted such. On

September 9, 2016, Plaintiff filed a 26-page complaint and a motion for leave to proceed *in forma pauperis* on the appropriate Court-supplied forms (DNs 9 & 10). On September 14, 2016, the Court granted Plaintiff leave to proceed *in forma pauperis* (DN 12). On September 22, 2016, Plaintiff filed a letter which the Court construed as an amended complaint (DN 13). On January 13, 2017, the Court conducted its initial screening of Plaintiff's complaint and amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (DN 17). On this same date, the Court entered an Order dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief (DN 18). This Order stated that it was a "final Order."

## II. SUMMARY OF MOTIONS

In Plaintiff's first motion, Plaintiff argues that the Court's Order granting him "pauper status" but requiring him to pay an initial partial filing fee and the remainder of the $350 filing fee in monthly installments (DN 12) should be vacated because the statute requiring such, 28 U.S.C. § 1915, is unconstitutional. Plaintiff seemingly understands the Court's Order to require him to pay a monthly payment of $10.00 per month regardless of how much money Plaintiff has in his prison trust account. Based on this understanding, he writes: "So, the unsaid is: If the financially-oppressed state prisoner can not pay, his civil rights violations will be rejected by the court, absent sending the pauperis imprisoned plaintiff into extreme debt to the state government." Plaintiff concludes his motion as follows:

> As an alternative to this court of law's willingness or inability to waive any further cost . . . this pauperis plaintiff . . . asks this district court to dismiss this civil action and of course rescind it's Order for "installment payments" from the imprisoned plaintiff's prison account by the prison administration.

In Plaintiff's second motion, Plaintiff states that he objects "to the bias dismissal of this civil action by the Court after ordering the pro se plaintiff to submit the civil complaint, then accessing a filing fee of [$350.00] . . . without first giving the pro se plaintiff the fair opportunity to an act of amendment of the complaint to comply with the rules of the court." Plaintiff then emphasizes that he "filed his civil complaint only at the direction of this court." Plaintiff attaches, as exhibit to his motion, the Court's August 2, 2016, Order directing Plaintiff to file his complaint on a Court-supplied 42 U.S.C. § 1983 form, and to submit a completed summons for each named Defendant (DN 7). Plaintiff claims that the Court engaged in "scheming" and "trickery" by first "ordering" him to file a civil complaint and then assessing a filing fee. Plaintiff also claims that he was not given an opportunity to file an amended complaint. Plaintiff concludes his motion by stating that "he seeks an appellate Court's review of this district court's methods, acts, and rulings."

### III. ANALYSIS

The Court first notes Plaintiff's first motion seems to be based upon a misunderstanding of the Court's Order which granted him leave to proceed *in forma pauperis*, but assessed an initial filing fee of $5.96 and also required him to pay the remainder of the $350.00 filing fee in monthly installments. This Order does not require Plaintiff to pay $10.00 per month until the entire filing fee is paid; rather, it requires the prison to collect the balance of the filing fee by "collecting monthly payments from the prison trust account in *an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of the Court each time the amount in the account exceeds $10.00* in accordance with 28 U.S.C. § 1915(b)(2)." (emphasis added).

3

Several circuits, including the Sixth Circuit, have held that requiring prisoners to pay a filing fee does not violate prisoners' constitutional rights by denying them effective access to the courts. *See, e.g.*, *Hampton v. Hobbs,* 106 F.3d 1281, 1284-86 (6th Cir. 1997); *see also Tucker v. Branker*, 142 F.3d 1294 (D.C. Cir. 1998); *Lucien v. DeTella*,141 F.3d 773 (7th Cir. 1998); *Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997); *Norton v. Dimazana,* 122 F.3d 286, 289-91 (5th Cir. 1997); *Nicholas v. Tucker,* 114 F.3d 17, 21 (2d Cir. 1997); *Roller v. Gunn*, 107 F.3d 227, 231-33 (4th Cir. 1997). In *Hampton*, the Sixth Circuit specifically explained why the fee section of the Prison Litigation Reform Act (PLRA) is constitutional:

> The Act requires a court to collect the initial fee only when "funds exist." Therefore, a prisoner without funds will not be denied access to a federal court based on his poverty. Congress made this point explicit in subsection (b)(4) of the statute, which provides that "in no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Moreover, once the initial filing fee is paid, the payments are slight. The Act requires a prisoner to pay the monthly charge of *20 percent* of his preceding month's income *only if the account exceeds ten dollars ($10). If the prisoner has less than ten dollars ($10) in his account, no payment is required for that month.* 28 U.S.C.A. § 1915(b)(2). Furthermore, if a prisoner is successful in his suit, the Act allows judgment to be rendered for costs, which could return any funds remitted to the court by the prisoner and absolve him of any future payments.

106 F.3d. at 1284-1285 (emphasis added). The *Hampton* court then adopted the following reasoning of the Fourth Circuit:

> There is nothing unreasonable in requiring [a prisoner], as well as any other plaintiff, to make some contribution, however minimal, to ask him . . . "to some small degree to 'put his money where his mouth is,' it being all too easy (for him) to file suits, even with sufficient pro forma allegations, if it costs nothing whatever to do so." Such a requirement imposed to "curb the indiscriminate filing of (meritless) prisoner civil rights actions" is simply forcing the prisoner "to 'confront the initial dilemma which faces most other potential civil litigants: is the merit of the claim worth the cost of pursuing it?'"

*Id*. at 1285-1286 (quoting *Evans v. Croom*, 650 F.2d 521, 524 (4th Cir. 1981) (footnote and citations omitted).

Plaintiff's contention that the Court "schemed" against Plaintiff by ordering him to file his complaint on a Court-supplied form, assessing a filing fee against Plaintiff, and then dismissing his complaint without allowing him "an act of amendment" is also without merit. Under the PLRA, the obligation to pay the filing fee attaches when a prisoner "brings a civil action." 28 U.S.C. § 1915(b)(1). Thus, Plaintiff incurred his financial obligation to the Court when he initiated this action by filing the document titled "Motion for Issuance of Warrant of Seizure of Plaintiff's Personal Properties." In addition, the Court notes that Plaintiff filed a letter after he filed his complaint on the Court-supplied form which the Court construed as an amended complaint (DN 13). Thus, upon conducting its initial review pursuant to 28 U.S.C. § 1915A, the Court screened both Plaintiff's complaint and amended complaint.

Moreover, there is no provision in the PLRA for the return of the filing fee or for cancellation of any unpaid portion of the fee. Indeed, the Sixth Circuit has held that "the obligation to pay the full filing fee under § 1915(b) arises at the time a civil complaint is filed and that the subsequent dismissal of the action, even if voluntary, does not negate that obligation." *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (citing *McGore v. Wrigglesworth*, 114 F.3d at 607). This means that Plaintiff's limited resources and the dismissal of this action do not relieve Plaintiff of his responsibility to pay the requisite filing fee in this action. *See Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) ("A prisoner proceeding IFP in the district court is obligated to pay the full filing fee upon the filing of a complaint. No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.") (citation omitted); *McGore v. Wrigglesworth*, 114 F.3d at 607 ("Even a voluntary dismissal of a

5

complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case does not negate this financial responsibility.")

Finally, the Court notes that to extent that Plaintiff seeks to appeal any ruling the Court has issued in this action, he should follow the instructions set forth in the *Pro Se* Prisoner Handbook.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motions (DNs 19 & 20) are **DENIED**.

The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the *Pro Se* Prisoner Handbook.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.011